***NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MASSACHUSETTS MUTUAL LIFE INSURANCE CO., | Civil Action No. 07-5201(FLW) |
| Plaintiff, | |
| v. | **OPINION** |
| DONALD J. MARINARI, | |
| Defendant. | |

**WOLFSON, District Judge**:

Before the Court is Plaintiff Massachusetts Mutual Life Insurance Co.'s ("Plaintiff" or "MassMutual") motion to withdraw the reference of this matter from the United States Bankruptcy Court for the District of New Jersey ("Bankruptcy Court"), permission to file a complaint to deny dischargeability of certain debts owe by defendant Donald J. Marinari ("Defendant" or "Marinari"), and consolidation of that complaint with a presently pending lawsuit filed by Plaintiff against Defendant for violation of the New Jersey Insurance Fraud Prevention Act ("Fraud Act"), N.J.S.A. 17:33A-1, et seq. (Civil Action No. 07-2473). Defendant opposes this motion by contending that the proposed complaint, if it is filed, should be heard in the Bankruptcy Court. Upon the review of the circumstances surrounding this case, the Court finds the withdrawal of the reference from the Bankruptcy Court

appropriate. Thus, Plaintiff is permitted to file its complaint and the complaint shall be consolidated with Civil Action No. 07-2473.

The following background facts are relevant to the determination of whether Plaintiff's proposed complaint should be heard in the Bankruptcy Court or this Court. Commencing in 2001, MassMutual, an insurance company, began paying Marinari benefits under a disability income insurance policy as a result of his alleged total disability on account of severe depression. After monthly payments commenced, and allegedly unbeknownst to MassMutual, Marinari formed a new company, Community Square Publications, LLC ("CSP"), and also allegedly started working full-time for this start-up company. MassMutual alleges that Marinari failed to report this activity on continuing disability progress reports he completed, despite requests for information about his employment status. On May 12, 2006, MassMutual allegedly received a phone call from a former employee of CSP advising that Marinari had formed that company. Upon receiving this information, MassMutual initiated an investigation as part of its continuing evaluation of Marinari's entitlement to disability benefits. MassMutual claims that it learned for the first time in June 2006, that Defendant had filed an individual bankruptcy proceeding in the Bankruptcy Court, captioned In re: Donald J. Marinari and Diane Marinari, Case No. 06-12003(RTL). MassMutual also claims that a

transcript of Marinari's deposition in connection with the bankruptcy proceeding revealed that Marinari testified that he formed CSP in August 2000 and worked for that company full-time from the inception until he filed for bankruptcy in March 2006. However, when questioned by MassMutual, Marinari allegedly represented that his wife was the CEO of CSP, and that she operated the company; he denied working for CSP; denied hiring or firing employees for CSP; and denied overseeing sales meetings for CSP. Because of significant unexplained discrepancies between the level of Marinari's claimed functional impairment and his apparent activities on behalf of CSP, MassMutual determined that Marinari's claimed restrictions and limitations were without medical support. As such, by letter dated May 25, 2007, MassMutual advised Marinari that his disability claim was being terminated as a result of his failure to provide sufficient proof of disability, as well as his knowing misrepresentation and concealment of material facts.  In addition, MassMutual commenced a lawsuit, in this Court, against Marinari, for violation of the New Jersey Insurance Fraud Protection Act; it demands restitution of all benefits paid to him from September 1, 2002 through May 2007.

Shortly after filing the complaint, MassMutual received correspondence from Marinari's attorney requesting copies of records in order to file an administrative appeal of the company's decision pursuant to regulations under Employee Retirement Income

Security Act of 1974 ("ERISA"). MassMutual also received correspondence from Richard Yusem, Esq., Defendant's bankruptcy attorney, which stated that MassMutual's claims had been discharged in Defendant's personal bankruptcy proceeding. MassMutual argues that it never received notice of the bankruptcy proceeding since it was not listed as a creditor. Therefore, MassMutual contends that there is no debt listed as owed to MassMutual which could have been discharged. Essentially, Plaintiff seeks in the instant suit to bar Defendant's defense of bankruptcy discharge of the debt he allegedly owes to MassMutual, while Defendant contends that this determination should be heard in the Bankruptcy Court. The Court is now called upon to resolve this jurisdictional issue.

## DISCUSSION

A district court has the original and exclusive jurisdiction over all cases arising under Title 11 of the United States Code, 28 U.S.C. § 1334(a), which by definition includes pre-petition claims. Additionally, "district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). Thus, district courts have the discretion to either hear these cases or refer them, in whole or part, to the bankruptcy judges for the district. 28 U.S.C. § 157(a). Accordingly, the District Court of New Jersey has "referred all proceedings arising under Title 11 to the bankruptcy court pursuant to a standing order

4

of reference dated July 23, 1984." Kohn v. Haymount Ltd. P'ship, LP, No. 06-2363, 2006 U.S. Dist. LEXIS 58487, at *3-4 (D.N.J. Aug. 21, 2006).

A threshold factor in determining whether the district court should withdraw a reference is "[w]hether the proceeding is 'core' or 'non core' to the pending bankruptcy case." East West Trade Partners, Inc. v. Soble WP, LLC, 2007 U.S. Dist. LEXIS 29645, at *7 (D.N.J. Apr. 23, 2007). In this case, there are two types of claims: pre-petition and post-petition. It is clear that an objection to discharge of pre-petition debts during the administration of the bankruptcy estate is a core matter. 28 U.S.C. § 157(b)(2)(J); In re Berlingeri, 246 B.R. 196, 198 (Bankr. D.N.J. 2000). Any claims that arise post-petition are non-dischargeable, and as such the only issues to be decided relating thereto are non-bankruptcy issues. "If [a creditor]'s claims arose subsequent to [the debtor]'s bankruptcy filing, they constitute post-petition debts [that] are non-dischargeable under 11 U.S.C. § 727(b), [and a] dischargeability determination . . . is therefore unnecessary." Id. at 198-199. "However, if [a creditor]'s claims . . . arose prior to [the debtor]'s bankruptcy filing, § 727(b) is inapplicable, and the Court must determine the dischargeability of each claim." Id. Here, the parties do not dispute that the disability benefits paid prior to the March 2006 bankruptcy proceeding would constitute pre-petition claims - a core matter.

Any benefits paid after the filing of bankruptcy would be considered post-petition claims - a non-core matter.

According to 28 U.S.C. § 157(d), there are two forms of withdrawal, a permissive withdrawal, "for cause shown" and a mandatory withdrawal, "if the court determines that the resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." 28 U.S.C. § 157(d). Here, the parties do not dispute that the withdrawal of the reference in this case is only permissive in nature.

Accordingly, the Court should consider several factors in evaluating whether cause exists to permit the withdrawal of the reference, including "'the goals of promoting uniformity in bankruptcy administration, reducing forum shopping and confusion, fostering the economical use of debtors' and creditors' resources, and expediting the bankruptcy process.'" In re Velocity Corp., 169 Fed. Appx. 712, 716 (3d Cir. 2006)(quoting In re Pruitt, 910 F.2d 1160, 1168 (3d Cir. 1990)).

To begin, the Court notes that Defendant does not contest that any post-petition claims asserted by MassMutual were discharged in his bankruptcy proceeding or that those post-petition claims are "related to" the bankruptcy proceeding. The parties agree that the pre-petition debts in this case are a core matter as defined by 28 U.S.C. § 15. As indicated earlier, the parties also do not dispute

that this matter involves permissive withdrawal. Therefore, MassMutual must show cause for the reference to be withdrawn from the Bankruptcy Court. The Court finds that good cause exists for the withdrawal.

Defendant argues that the matter should best be heard and resolved by the Bankruptcy Court. He claims that as a matter of practice and procedure it is the Bankruptcy Court's role to hear this type of dispute. As such, it would be in the best interest of conserving judicial resources for a bankruptcy judge to hear this matter. Defendant further argues that by removing the reference, it will "upset" the uniformity of bankruptcy administration by changing the nature and proceeding of the appeal process. The Court disagrees.

The two complaints - the one already filed in this Court and the proposed nondischargeability complaint - are nearly identical in all respects except for the prayer for relief. Each complaint sets forth the exact same factual predicate: Marinari's alleged fraud in connection with his disability claim. The facts alleged in the complaint already filed in this Court form the basis of MassMutual's claim that Marinari violated the Fraud Act. These identical factual allegations form the basis of MassMutual's claim that the damages it suffered as a result of Marinari's violation of the Fraud Act are not dischargeable pursuant to 11 U.S.C. 523(a). In each case, MassMutual is the plaintiff, and the proofs necessary

7

to establish liability in both cases will presumably be the same. Importantly, the alleged fraud was an ongoing scheme perpetrated by Marinari before and after his bankruptcy petition. As such, the Court finds that the evidence necessary to prove Marinari's violation of the Fraud Act and that necessary to prove whether or not the money owed by Marinari to MassMutual for any violation of the Act is nondischargeable are substantially similar. This is important because the confluence of the evidence will foster the economical use of resources for both the creditor, MassMutual, and the debtor, Marinari; it will also reduce confusion of potentially having two inconsistent rulings from two courts.

Furthermore, to present both cases in different forums will waste judicial resources of this Court and the Bankruptcy Court, and further delay the administration of the bankruptcy process. While I recognize that the Bankruptcy Court's role is to adjudicate claims that are core in nature, original jurisdiction is vested in the district court, which is also capable of adjudicating bankruptcy matters. However, Defendant conclusorily argues, without analysis, that because the only question for review in connection with the nondischargeability issue is whether MassMutual had notice of the bankruptcy proceeding in sufficient time to file an objection, judicial economy is better served by hearing that defense in the Bankruptcy Court rather than this Court. While the legal determinations are different in nature, the set of facts upon

which the Court makes its conclusion is the same. To present the same facts to two different courts is unnecessary at the least; not to mention, such a result would effectively allow Defendant to forum shop for a better verdict.

Defendant also cites to three cases (<u>In re Green</u>, 876 F.2d 854 (10th Cir. 1989); <u>In re Rhodes</u>, 61 B.R. 626 (9th BAP 1986); <u>In re Muse</u>, 289 B.R 619 (Bankr. W.D. Pa. 2003)) to show that in deciding the dischargeability of his debt to MassMutual, the Bankruptcy Court will not need to reach MassMutual's allegations of fraud because if MassMutual had actual notice of the bankruptcy proceeding in sufficient time to file an objection, whether fraud existed or not, the pre-petition claims were discharged. While Defendant's proposition may be true in that respect, he fails to consider the converse of the scenario. If MassMutual did not have actual notice of the bankruptcy proceeding, the Court would necessarily have to consider the allegations of fraud to determine whether the pre-petition claims were dischargeable. Moreover, MassMutual is entitled to attack Defendant's defense, which would include the same testimony and documentary evidence as will be presented in support of its Fraud Act claims.

Equally unpersuasive is Defendant's contention that by withdrawing the reference, the Court will upset the appeal process. Should Defendant find that an appeal is necessary after the conclusion of this case, Defendant has another forum to appeal this

9

Court's decision - the Third Circuit. Because original jurisdiction under Title 11 is vested in this Court, a debtor does not always have a statutory right to have the same layers of appeal for its claims had they originally been filed in the Bankruptcy Court.

Accordingly, based on the foregoing reasons, I find that the factors weigh in favor of withdrawing the reference of this matter from the Bankruptcy Court. Plaintiff is instructed to file its complaint of nondischargeability, and for the same reasons why the reference should be withdrawn, the Court shall consolidate this matter with Civil Action No. 07-2473.[1]

Dated: May 6, 2008

/s/ Freda L. Wolfson
Freda L. Wolfson, U.S.D.J.

---

[1] Consolidation of district court actions and bankruptcy court actions asserting nondischargeability is permitted where warranted in the interest of justice. In re Enviro-Scope Corp., 57 B.R. 1005 (Bankr. E.D. Pa. 1985)(consolidation of district court and bankruptcy court actions warranted where actions involved common questions of law and fact; trying the two actions separately would force the parties to litigation the same issue in two separate forums, possibly creating the risk of inconsistent results).